# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK DURAY PORTLEY-EL, )<br>  )<br>    Petitioner, )<br>  )<br>vs. )<br>  )<br>FRED FIGUEROA, Warden, )<br>  )<br>    Respondent. ) | Case No. CIV-09-593-M |

## REPORT AND RECOMMENDATION

Petitioner is a Colorado state prisoner who appears pro se and has filed a pleading entitled "Petition for Transfer to Cure Want [of] Jurisdiction." [Doc. No. 1, hereinafter "Petition"]. Petitioner is currently incarcerated at Kit Carson Correctional Center ("KCCC") in Burlington, Colorado, where he was incarcerated at the time he filed this action. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Because Petitioner has failed to establish any basis for this Court's jurisdiction over his action, the undersigned recommends that the petition be summarily dismissed.

## Background

The petition and the attached documents, read together, show that Petitioner was convicted and sentenced in state court in Colorado. Petition, Ex. 2,[1] p. 2 ("Petition for Writ

---

[1] Although the petition refers to a copy of Beckham County District Court docket attached as Exhibit 1, no such exhibit is attached. Thus, Exhibit 2, a copy of Petitioner's state habeas petition filed on December 26, 2007, is the first exhibit.

of Habeas Ad Subjiciendum" filed in the Beckham County District Court, State of Oklahoma, Case No. CV-07-452). On October 12, 2007, Petitioner was transferred from a state prison in Colorado to North Fork Correctional Facility ("NFCF"), a private prison in Sayre, Oklahoma, owned and operated by the Corrections Corporation of America. *Id.* In December 2007, while still incarcerated at NFCF, Petitioner filed a habeas action in Beckham County District Court naming NFCF warden Fred Figueroa as respondent and alleging that his current confinement was illegal because his transfer to NFCF violated contractual provisions between the State of Colorado and Corrections Corporation of America. Petition, Ex. 2, pp. 7-15. Petitioner further alleged that upon his transfer to NFCF, Colorado officials relinquished or waived jurisdiction over him, and therefore he was entitled to immediate release as a result of a "partial pardon and/or commutation" of the remainder of his sentence. Petition, Ex. 2, p.16.

Petitioner alleges that Warden Figueroa was timely served in the state habeas action, and when no answer or response to his state habeas petition was filed, he sought default judgment in the matter. Petition, p. 2, and Exs. 3, 4, & 5. In March 2008 Petitioner filed a request with the Oklahoma Supreme Court, asking that Court to assume jurisdiction over his case and direct the Beckham County District Court to rule on his habeas petition and his motion for default judgment. Petition, Exs. 7 & 8. The Oklahoma Supreme Court directed the state district court to promptly "hear and determine the habeas corpus matter . . . ." Petition, Ex. 10. On July 21, 2008, Petitioner filed a Petition to Compel alleging that the state district court had failed to comply with the Supreme Court's Order and requesting that

the state district court be compelled to "dispose of . . . petitioner's matters." Petition, Ex. 11 (Petition to Compel). On November 3, 2008, the Oklahoma Supreme Court denied the petition to compel. Petition, Ex. 16. Petitioner asserts that "[t]o date the state courts of Oklahoma have not ruled upon nor dismissed the petitioner's Writ . . . ." Petition, p.3.

In the instant action filed on June 4, 2009, Petitioner attempts to establish this Court's jurisdiction by invoking Article I, §9, subsection 2 of the United States Constitution, the All Writs Act of 28 U.S.C. § 1651, and 28 U.S.C. §§ 2241 and 2254. Petition, p. 1. He "moves this Honorable Court to have the above entitled civil action transferred from the Oklahoma Supreme Court and its subordinate court in Beckham County to the United States District Court for the Western District of Oklahoma . . . ." *Id.* Petitioner maintains that the failure of the Oklahoma courts to rule upon his state habeas petition and his motion for default judgment "evinces extraordinary circumstances that warrant[] this Court's interjection for removal under 18 U.S.C. § 1631 and the All Writs Act of 28 USC § 1651." Petition, p. 3. Petitioner seeks "immediate action and release" from confinement. Petition, p. 1.

It appears to the undersigned that Petitioner's request is two-fold. First, he wants this Court to have his state habeas action currently pending in courts in Oklahoma "transferred" to this Court, and then he wants this Court to order his immediate release from custody. For the reasons discussed hereafter, this Court has no jurisdiction either to transfer a case pending in state court or to grant habeas relief to Petitioner, who is and was at the time he filed this action, a prisoner in custody in Colorado pursuant to a state conviction there.

3

## Analysis

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it.") (citations omitted). It is the Court's duty to address the apparent lack of jurisdiction *sua sponte*. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988) (citation omitted)

Although the Court construes a pro se litigant's pleadings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers," the Court "does not make legal arguments or perform legal research for them." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (citation and quotation omitted). Even under a liberal reading of Petitioner's pleadings, it is clear that he has failed to assert any facts which establish a basis for this Court's jurisdiction in this action.

To the extent Petitioner is attempting to challenge the execution of his sentence imposed by the State of Colorado such action is properly brought pursuant to 28 U.S.C. § 2241. A § 2241 petition is generally filed in the district of the petitioner's confinement so that the court may exercise personal jurisdiction over the petitioner's immediate custodian.

*See* 28 U.S.C. § 2242 (requiring a § 2241 petitioner to state the "name of the person who has custody over him"). *See also Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The reason for this requirement is that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 494-495 (1973).

The warden of NFCF identified as the sole respondent in this action was not Petitioner's custodian at the time the petition was filed.[2] *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (stating that "[t]he law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian"). Because he was not Petitioner's custodian, Warden Figueroa is not a proper party to a habeas action. *See Crowley v. Graham*, No. 98-3293, 1999 WL 72123, * 1 (10th Cir. Feb. 16, 1999) (unpublished).[3] In

---

[2]The undersigned recognizes that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n.*, 754 F.2d 887, 888 (10th Cir. 1985). However, the petition, filed on June 4, 2009, reflects that Petitioner was at that time incarcerated in Colorado. Petition, p. 4. Documents attached to the petition indicate that Petitioner was transferred from Oklahoma to Colorado sometime after March 18, 2008, and before July 21, 2008. *See* Petition, Ex. 8, signed by Petitioner on March 18, 2008, identifying his address as NFCF in Oklahoma, and Petition, Ex. 11, signed by Petitioner on July 21, 2008, identifying his place of confinement as KCCC in Colorado.

[3]This and other unpublished Tenth Circuit decisions referenced in this Report are cited for their persuasive value in accordance with 10th Cir. R. 32.1.

addition, Petitioner has failed to name an official with power to release him from custody if the Court were to rule favorably on his habeas petition, and such failure renders the petition jurisdictionally defective and subject to dismissal. *Id.* Further, the warden of KCCC, although a proper respondent, is outside this Court's territorial jurisdiction. *See Braden*, 410 U.S. at 495 (habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian"). Therefore, Petitioner's request for habeas relief pursuant to § 2241 should be dismissed for lack of jurisdiction over the proper respondent.

Petitioner's alternative attempt to establish this Court's jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651, also fails. Because Petitioner seeks to void the remainder of his sentence and be released from prison, his available avenue for relief would be statutory habeas relief. *See Pennsylvania Bureau of Corr. v. United States Marshal Serv.*, 474 U.S. 34, 43 (1985) (where statute provides specific relief requested, that statute governs over 28 U.S.C. § 1651 (All Writs Act) which is a residual source of authority to issue writs). As discussed, a petitioner's challenge to the execution of a sentence must be brought pursuant to 28 U.S.C. § 2241 in the appropriate district court, naming the current custodian. 28 U.S.C. § 2242.

Petitioner also cites 28 U.S.C. § 2254 as a basis for his claim. However, to the extent a challenge to the continued validity of his Colorado state court sentence in light of the allegedly unconstitutional transfer to Oklahoma could conceivably come under 28 U.S.C. § 2254, such action must be filed in the District Court of Colorado.

Petitioner relies on 28 U.S.C. § 1631 as a basis for "transferring" his pending state

actions to this Court for resolution. While this provision does not provide any authority for such a transfer between state and federal courts, where, as here, there is a want of jurisdiction in the court where the petition was filed, the action may be transferred to the proper judicial district if the transfer is "in the interest of justice." However, "a court is authorized to consider the consequences of a transfer by taking a 'peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)). Here, Petitioner's claims are wholly without merit and thus a transfer to the federal court in Colorado is not in the interest of justice.

First, Petitioner requests that the Court transfer, or "remove" his state court habeas action and assume jurisdiction in the matter. In support, Petitioner alleges that "as a result of demonstrably questionable proceedings" in the state courts, he has not been granted "the opportunity to develop facts, to hear or be heard, to conduct discovery" and has been denied "the right to petition the government for redress of grievance . . . ." Petition, p. 3. However, to the extent Petitioner's request for transfer amounts to a challenge to a pending state habeas action, his request that a federal court review the decision of the state courts in that matter fails to state a cognizable claim. Federal courts do not sit as "super-appellate" courts to reconsider state court decisions. *See Harris v. Department of Corrections*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) (federal court does not "serve as an appellate or reviewing court for alleged illegal actions in state court").

In addition, Petitioner's underlying claim fails to state a claim upon which habeas

relief may be granted. It appears from the petition and attached documents that Petitioner is challenging his continued detention as unlawful because: (1) his transfer to Oklahoma pursuant to an alleged fraudulent contract rendered his confinement at NFCF illegal, and (2) upon his transfer to Oklahoma, Colorado relinquished its authority to maintain custody over Petitioner. To be entitled to § 2241 habeas relief, Petitioner must demonstrate that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner's challenge to his placement in a private prison in Oklahoma prior to his return to a Colorado correctional facility is governed squarely by *Montez v. McKinna*, 208 F.3d 862, 865-66 & n.3 (10th Cir. 2000), and *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). In *Montez*, the Tenth Circuit construed a similar claim as one challenging the execution of a state sentence and arising under 28 U.S.C. § 2241. *Montez*, 208 F.3d at 865-66. The Circuit Court determined that no federal constitutional right was implicated by such a transfer and that state-law claims could not be brought in a habeas action under § 2241. *Id.* In *Rael*, the Tenth Circuit reaffirmed that challenges based upon various contractual and state law provisions are state law claims not cognizable in a § 2241 action challenging a prison transfer. *Rael*, 223 F.3d at 1154 ("Under *Montez*, the fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241."). *See also Overturf v. Massie*, 385 F.3d 1276 1279 (10th Cir. 2004) (rejecting similar challenges by Hawaii state prisoners transferred to a private correctional facility in Oklahoma and challenging the

continued validity of their Hawaii sentences based upon their alleged unlawful transfers to the State of Oklahoma.

For the foregoing reasons, this case is "clearly doomed" and therefore, to avoid raising false hopes and wasting judicial resources, a transfer of this action to the proper judicial district would not be in the interest of justice.

In sum, the instant petition is subject to summary dismissal because: (1) Petitioner has failed to name the proper respondent; (2) this Court lacks jurisdiction over the proper respondent, the warden of KCCC, Burlington, Colorado; and (3) Petitioner's predicate claim that his transfer to and confinement in a private prison in Oklahoma entitle him to immediate release fails to state a cognizable claim for habeas relief under 28 U.S.C. § 2241.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed with prejudice upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 21, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of November, 2009.

*(signed)*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE